UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL MORIN, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * |
| CITY OF SACO, BRADLEY S. PAUL, | * |
| in his individual and official capacities, | * |
| and SCOTT A. SICARD, in his | * |
| individual and official capacities, | * |
| NICHOLAS STANKEVITZ, in his | * |
| individual and official capacities, ROBYN | * |
| E. STANKEVITZ, in her individual and | * |
| official capacities, and KYLE M. | * |
| CUTLER in his individual and official | * |
| capacities, | * |
| | * |
| Defendants | * |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PARTIES

1. Plaintiff Daniel Morin is resident of Lyman, County of York, State of Maine.

2. Defendant City of Saco is a governmental entity, which, at all times relevant to this Complaint, employed Defendants Bradley S. Paul, Scott A. Sicard, Nicholas Stankevitz and Robyn E. Stankevitz, and was responsible for hiring, training, supervising and disciplining City of Saco police officers, including Defendants Paul, Sicard, Nicholas Stankevitz and Robyn

Stankevitz, and for developing, approving and implementing policies governing the conduct of City of Saco police officers.

3. At all times relevant to this Complaint, Defendant Bradley S. Paul was Chief of Police of the City of Saco Police Department, responsible for the operation and management of such departments, including hiring, training, supervision and discipline of City of Saco police officers, and developing, approving and implementing policies governing the conduct of City of Saco police officers.

4. At all times relevant to this Complaint, Defendant Scott A. Sicard was a police sergeant employed by the City of Saco Police Department.

5. At all times relevant to this Complaint, Defendant Nicholas Stankevitz was a police officer employed by the City of Saco Police Department.

6. At all times relevant to this Complaint, Defendant Robyn E. Stankevitz was a police officer employed by the City of Saco Police Department.

7. At all times relevant to this Complaint, Defendant Kyle M. Cutler was a police officer employed by the City of Biddeford Police Department, who was called to assist in the arrest by Saco police officer.

## JURISDICTION

8. Jurisdiction in this case is based on 28 U.S.C. § 1446.

9. Venue in this district is proper under 28 U.S.C. § 1391.

## FACTS

10. On the night of September 8, 2013, Defendant Scott Sicard was on duty, working as a City of Saco police officer.

11. On the night of September 8, 2013, Defendant Nicholas Stankevitz was on duty, working as a City of Saco police officer.

12. On the night of September 8, 2013, Defendant Robyn Stankevitz was on duty, working as a City of Saco police officer.

13. On the night of September 8, 2013, Defendant Kyle Cutler was on duty, working as a City of Biddeford police officer.

14. On the night of September 8, 2013, Defendant Sicard was patrolling Main Street in Saco, Maine, and observed Plaintiff operating a motorcycle. He attempted to stop Plaintiff.

15. Plaintiff failed to notice he was being pursued by Defendant Sicard, and crossed the town line into Biddeford, finally stopping in a parking lot in Biddeford.

16. Shortly after stopping Plaintiff, and in the presence of other individual Defendants, Defendant Sicard unlawfully assaulted Plaintiff. He kicked Plaintiff to the ground, using unnecessary and excessive force upon him, as well as a "taser" gun upon Plaintiff. Other individual Defendants expressly or tacitly endorsed and participated in this unlawful behavior.

17. At all material times, Plaintiff was not resisting arrest.

18. At all material times, Plaintiff was not evading arrest or detention.

19. The amount of force used against Plaintiff under these circumstances constitutes, negligence, gross negligence, recklessness and a violation of Plaintiff's rights under the Maine and U.S. Constitutions.

20. Upon information and belief, the use of excessive force against Plaintiff reflected a practice that was employed and sanctioned by the City of Saco and its Chief of Police, Bradley S. Paul. This use of force constituted a pattern and practice by the City of Saco Police

Department and its individual officers of using force excessively and under circumstances that violated an individual citizen's constitutional and legal rights.

21. Upon information and belief, the unjustifiable and excessive use of force in this case is a result not only of the individual officers' actions, but also of the inadequate and unconstitutional policies, practices and procedures, including those involving hiring, training, supervision and discipline, of the City of Saco Police Department and its Chief of Police, Bradley S. Paul.

22. As a result of the use of excessive force in this case, Plaintiff suffered a head injury, injuries to his back and neck, disc abnormalities and leg injuries. These injuries have been painful, appear permanent and have required significant medical attention and expense.

## COUNT I - ASSAULT & BATTERY

23. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth fully herein.

24. The above-described conduct amounts to assault and battery by Defendants against Plaintiff.

25. As a proximate result of such assault and battery, Plaintiff has suffered physical and mental injury, emotional distress, lost earnings and/or earning capacity and has been forced to incur bills for his care and treatment. These injuries are ongoing and permanent.

WHEREFORE Plaintiff requests judgment against Defendants, compensatory damages, punitive damages together with interest and costs and such other and further relief as this Court deems just and appropriate.

## COUNT II - NEGLIGENCE

26. Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

27. Defendants negligently used excessive force against Plaintiff, proximately causing physical and emotional pain and suffering as detailed above, mental and emotional distress, loss of earnings and earning capacity, all of which will continue into the future.

WHEREFORE Plaintiff requests judgment against Defendants, compensatory damages, punitive damages together with interest and costs and such other and further relief as this Court deems just and appropriate.

## COUNT III – VIOLATION OF THE MAINE CIVIL RIGHTS ACT

28. Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

29. Defendants intentionally interfered or attempted to intentionally interfere by physical force or violence or by the threat of physical force or violence with the exercise and/or enjoyment of numerous rights secured by the U.S. Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State of Maine, including but not limited to the following:

   (a) the rights secured by the First Amendment to the U.S. Constitution;

   (b) the rights secured by the Fourth Amendment to the U.S. Constitution;

   (c) the rights secured by the Fourteenth Amendment to the U.S. Constitution;

   (d) the rights secured by the Maine Constitution, including but not limited to:

   Article I, Section 1 (Natural Rights)
   Article I, Section 5 (Unreasonable Seizure)
   Article I, Section 6 (Equal Protection and Substantive Due Process)
   Article I, Section 6-A (Due Process and Discrimination)

    (e) the rights under the Maine and U.S. Constitutions to be secure in bodily integrity.

30. Such conduct on the part of Defendants constitutes a violation of the Maine Civil Rights Act, 5 M.R.S.A. § 4682, *et seq.*

31. As a proximate result, Plaintiff suffered and continues to suffer physical and emotional pain and suffering as detailed above, mental and emotional distress, loss of earnings and earning capacity, all of which will continue into the future.

WHEREFORE Plaintiff requests judgment against Defendant Scott A. Sicard for compensatory damages, punitive damages, attorneys' fees, together with interest and costs and such other and further relief as this Court deems just and appropriate.

### COUNT IV – VIOLATION OF THE MAINE CIVIL RIGHTS ACT
### (Supervisory Liability)

32. Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

33. Through the failure to properly hire, train, supervise and discipline City of Saco police officers, Defendants encouraged, acquiesced and/or were grossly negligent and deliberately indifferent to the risk of interference with the exercise and/or enjoyment of numerous rights secured by the U.S. Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State of Maine, including but not limited to the following:

    (a) the rights secured by the First Amendment to the U.S. Constitution;

    (b) the rights secured by the Fourth Amendment to the U.S. Constitution;

    (c) the rights secured by the Fourteenth Amendment to the U.S. Constitution;

    (d) the rights secured by the Maine Constitution, including but not limited to:

        Article I, Section 1 (Natural Rights)
        Article I, Section 5 (Unreasonable Seizure)
        Article I, Section 6 (Equal Protection and Substantive Due Process)
        Article I, Section 6-A (Due Process)

    (e) the rights under the Maine and U.S. Constitutions to privacy and to be secure in bodily integrity.

34. As a proximate result, Plaintiff has suffered physical and mental injuries, emotional distress, lost earnings and/or earning capacity and has been forced to incur bills for his care and treatment. These injuries are ongoing and permanent.

WHEREFORE Plaintiff requests judgment against Defendants Sicard and Page for compensatory damages, punitive damages, attorneys' fees, together with interest and costs and such other and further relief as this Court deems just and appropriate.

**COUNT V – VIOLATION OF THE MAINE CIVIL RIGHTS ACT**
**(Against Defendants City of Saco and Page)**

35. Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

36. Upon information and belief, Defendants City of Saco and Page failed to take reasonable measures in its hiring, training, supervising and disciplining of City of Saco police officers, including Defendant Scott A. Sicard, to ensure that such officers would refrain from the use of excessive force in the course of their employment as police officers, and adopted, established, implemented, promoted and/or approved of policies, practices or procedures inadequate as a matter of State or U.S. constitutional law to ensure that individual officers, including Defendant Sicard, adhered to standards of constitutional law in his use of force in connection with his duties as a law enforcement officer.

37. As such, the conduct of Defendants City of Saco and Page amounted to an explicit or tacit unconstitutional policy or practice, evinced deliberate indifference to the risk of

serious harm to the general public, and was a moving force behind the violations of Plaintiff's rights under both the U.S. and State Constitutions, as detailed above.

38. As a proximate result, Plaintiff has suffered and continues to suffer physical and emotional pain and suffering, including permanent injuries as detailed above, mental and emotional distress, loss of earnings and earning capacity, all of which will continue into the future.

WHEREFORE Plaintiff requests judgment against Defendants City of Saco and Page for compensatory damages, punitive damages, attorneys' fees, together with interest and costs and such other and further relief as this Court deems just and appropriate

### COUNT VI: VIOLATION OF 42 U.S.C. § 1983

39. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth fully herein.

40. Defendants used excessive force against Plaintiff in violation of Plaintiff's federal constitutional rights and 42 U.S.C. § 1983.

41. The acts of Defendants as related in this Complaint were performed under color of law.

42. As a proximate result of Defendants' excessive force, Plaintiff has suffered and continues to suffer physical and emotional pain and suffering, including permanent injuries as detailed above, mental and emotional distress, loss of earnings and earning capacity, all of which will continue in the future.

WHEREFORE, Plaintiff requests judgment against Defendants for compensatory damages, punitive damages, attorney's fees, together with interest and costs and such other and further relief as this Court deems just and appropriate.

## COUNT VII:  VIOLATION OF 42 U.S.C. § 1983
### (Against Defendants City of Saco and Page)

43. Plaintiff repeats and re-alleges all of the foregoing allegations and individual counts above as if set forth fully herein.

44. Defendants City of Saco and Page failed to take reasonable measures in their hiring, training, supervising and disciplining of Saco police officers, including Defendant Sicard, to ensure that such officers would not use excessive force in the course of their employment as police officers.

45. Defendant City of Saco and Page adopted, established, implemented, promoted and/or approved of policies, practices and procedures inadequate as a matter of federal constitutional law to ensure that individual officers, including Defendant Sicard, adhered to standards of constitutional law in their use of force in connection with their duties as police officers.

46. The acts of Defendants City of Saco and Page as set forth in this Complaint were performed under color of law.

47. The acts of Defendants City of Saco and Page as set forth in this Complaint violated Plaintiff's federal constitutional rights, pursuant to 42 U.S.C. § 1983.

48. As a proximate result of the violation of Plaintiff's federal constitutional rights, Plaintiff has suffered and continues to suffer physical and emotional pain and suffering, including permanent injuries as detailed above, mental and emotional distress, loss of earnings and earning capacity, all of which will continue into the future.

WHEREFORE, Plaintiff requests judgment against Defendants City of Saco and Page for compensatory damages, punitive damages, attorney's fees, together with interest and costs and such other and further relief as this Court deems just and appropriate.

## COUNT VIII:  PUNITIVE DAMAGES
### (Against All Defendants)

49. Plaintiff repeats and re-alleges all of the foregoing allegations and individual Counts above as if set forth fully herein.

50. With respect to each of the individual Counts set forth above, Defendants' conduct amounted to reckless indifference and/or actual or implied malice.

WHEREFORE with respect to each of the Counts alleged, Plaintiff requests judgment against Defendants for punitive damages.

Dated:  August 26, 2015                             */s/ Peter Clifford*
                                                                  Peter Clifford, Bar No. 7300
                                                                  Clifford & Clifford, LLC
                                                                  62 Portland Road, Suite 37
                                                                  Kennebunk, ME  04043
                                                                  (207) 985-3200